IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 18-00038-01-CR-W-GAF |
| | ) | |
| Plaintiff, | ) | Kansas City, Missouri |
| | ) | February 10, 2020 |
| v. | ) | |
| | ) | |
| DELEON R. REED, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

TRANSCRIPT OF HEARING ON CHANGE OF PLEA
BEFORE THE HONORABLE LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:               Ms. Ashleigh A. Ragner
                                 Assistant United States Attorney
                                 400 E. Ninth St., Ste. 5510
                                 Kansas City, MO  64106
                                 (816) 426-3122

For the Defendant:               Mr. Anthony Bologna
                                 188 North Water Street
                                 Liberty, MO  64068
                                 (816) 792-3529

Court Audio Operator:            Ms. Traci Chorny

Transcribed by:                  Rapid Transcript
                                 Lissa C. Whittaker
                                 1001 West 65th Street
                                 Kansas City, MO  64113
                                 (816) 914-3613

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

1    (Court in Session at 2:05 p.m.)

2        THE COURT:  We are here on Case No. 18-00038-01-CR-W-

3    GAF, *United States of America vs. Deleon Reed*.  May I please have

4    entry of appearance by the Government?

5        MS. RAGNER:  Yes, Your Honor.  Ashleigh Ragner on behalf

6    of the United States.

7        THE COURT:  Thank you, Ms. Ragner.  And for Mr. Reed?

8        MR. BOLOGNA:  Good afternoon, Your Honor.  Anthony

9    Bologna on behalf of Mr. Reed who appears in person in custody.

10       THE COURT:  All right.  Thank you, Mr. Bologna.  All

11   right.  So, we are here for a change of plea in this court.  This

12   case comes before me as a Magistrate Judge pursuant to a written

13   consent form that I see that is signed by Mr. Reed and Mr.

14   Bologna.  This comes to me before -- under a local rule that

15   allows me to accept felony guilty pleas and then, thereafter, to

16   make a Report and Recommendation to the District Judge.  All

17   right.  So, the consent form, as I said, was signed today with

18   today's date, August the 24th of 2020.  I'll ask you, Mr. Reed,

19   did you sign this document?

20       MR. REED:  Uh-huh.  Yes.

21       MR. BOLOGNA:  Yes, ma'am.

22       MR. REED:  Yes, ma'am.

23       THE COURT:  Okay.  And did you have a chance to go over

24   it with your attorney?

25       MR. REED:  Yes, ma'am.

1          THE COURT:  Okay.  And did he answer any questions that

2     you had regarding this consent form?

3          MR. REED:  Yes, ma'am.

4          THE COURT:  Okay.  And did you knowingly and voluntarily

5     sign this form?

6          MR. REED:  Yes, ma'am.

7          THE COURT:  Okay.  All right.  All right.  I believe

8     everything is in order.  So, I will enter this form -- this

9     consent form into the record.  All right.  So, I understand that,

10    Mr. Reed, you want to enter a plea of guilty to the Superseding

11    one-count Indictment for being a felon in possession of a

12    firearm.  All right.  And that Indictment was returned on October

13    the 2nd of 2019, is that correct?

14         MR. REED:  Yes, ma'am.

15         THE COURT:  Okay.  Now, Ms. Ragner, is that correct?

16         MS. RAGNER:  Yes, Your Honor.

17         THE COURT:  Okay.  So, I had a preliminary copy of the

18    Plea Agreement and what I might do, when we get to that point, is

19    to modify by interlineation and put in there "Superseding" so

20    that it's not confused with the initial Indictment.  So, we'll

21    get to that in a minute.

22         MS. RAGNER:  Thank you, Your Honor.  I just recognized

23    that here in court, so I appreciate the Court doing that for us.

24         THE COURT:  All right.  Is that okay, Mr. Bologna?

25         MR. BOLOGNA:  Yes, ma'am.

1  THE COURT:  Okay.  All right.  All right.  So, Mr. Reed,

2  I need to place you under oath and I need to ask you some

3  questions under oath.  So, I'll ask you -- you don't have to

4  stand up, just raise your right hand and my courtroom deputy will

5  swear you in.

6              DELEON R. REED, DEFENDANT, SWORN

7  THE COURT:  All right.  Mr. Reed, do you understand that

8  you are now under oath and that if you answer any questions

9  falsely, that you may be later charged or prosecuted for making a

10  false statement and perjury?  Do you understand that?

11  MR. REED:  Yes, ma'am.

12  THE COURT:  All right.  All right.  So, the first set of

13  questions that I will ask you about are for the Court to

14  determine if you are competent to enter a knowing a plea at this

15  time.  So, that's what these questions are geared toward.  What

16  is your complete full name for the record?

17  MR. REED:  Deleon Reed.

18  THE COURT:  It's Deleon?

19  MR. REED:  Yes.

20  THE COURT:  I want to make sure.  Okay.  Deleon.  And

21  where were you born?

22  MR. REED:  February 17th, '93.

23  THE COURT:  Here in Kansas City?

24  MR. REED:  Yes, ma'am.

25  THE COURT:  Okay.  So, that makes how old?

1    MR. REED:  Twenty-seven.

2    THE COURT:  Twenty-seven.  All right.  And how far did
3 you go in school?

4    MR. REED:  To eleventh grade.

5    THE COURT:  Did you get your GED?

6    MR. REED:  I was on the verge of getting my GED but I
7 ended up getting shot and I tried to go back to school, but it
8 had kicked me out of school for a whole year because I had to
9 recover.

10    THE COURT:  Okay.  So, eleventh grade.  So, with that
11 education you read, write, and understand the English language?

12    MR. REED:  Yes, ma'am.

13    THE COURT:  You don't have any problems with it at all?

14    MR. REED:  No, ma'am.

15    THE COURT:  All right.  Have you been treated recently
16 for any mental illness or addiction to narcotic drugs of any
17 kind?

18    MR. REED:  No, ma'am.

19    THE COURT:  Have you recently been under the care of a
20 physician or a psychiatrist?

21    MR. REED:  No, ma'am.

22    THE COURT:  And are you currently under the influence of
23 any drug, medication, or alcoholic beverage of any kind?

24    MR. REED:  No, ma'am.

25    THE COURT:  And do you understand what's happening here

1  today?

2  　　　　MR. REED:  Yes, ma'am.

3  　　　　THE COURT:  Okay.  I'll ask you first, Mr. Bologna, do

4  you have any doubt as to Mr. Reed's competency to plead at this

5  time?

6  　　　　MR. BOLOGNA:  I do not.

7  　　　　THE COURT:  Okay.  And, Ms. Ragner, do you?

8  　　　　MS. RAGNER:  No, Your Honor.

9  　　　　THE COURT:  All right.  Based upon Mr. Reed's answers to

10  my questions and also from defense counsel, their input, the

11  Court does find that Mr. Reed is competent to understand the

12  proceedings here today and enter a knowing plea.  All right.  So,

13  these next set of questions, Mr. Reed, are regarding your

14  satisfaction with your attorney.  Have you had an ample

15  opportunity to talk to your attorney about this case?

16  　　　　MR. REED:  Yes, ma'am.

17  　　　　THE COURT:  And are you fully satisfied with his

18  counsel, representation, and advice on this case?

19  　　　　MR. REED:  Yes, ma'am.

20  　　　　THE COURT:  Okay.  And did your attorney answer any

21  questions that you had?

22  　　　　MR. REED:  Yes, ma'am.

23  　　　　THE COURT:  Okay.  And you're satisfied with those

24  answers?

25  　　　　MR. REED:  Yes, ma'am.

1          THE COURT:  All right.  All right.  So, next I need to

2    advise you of rights that you are waiving by pleading guilty,

3    because under the Constitution and the laws of the United States,

4    you have the absolute right to a trial by jury and for a jury to

5    find you guilty beyond a reasonable doubt.  Do you understand

6    that?

7          MR. REED:  Yes, ma'am.

8          THE COURT:  Okay.  And, of course, no one can force you

9    to plead guilty, the Court, your attorney, law enforcement, no

10   one can force you to plead guilty and waive those rights.  Do you

11   understand that?

12         MR. REED:  Yes, ma'am.

13         THE COURT:  All right.  So, by pleading guilty you are

14   waiving your right to be presumed innocent until your guilt is

15   established beyond a reasonable doubt at trial because there will

16   not be a trial.  Do you understand that?

17         MR. REED:  Yes, ma'am.

18         THE COURT:  Okay.  And also you're waiving your right to

19   be represented at trial by counsel since we won't have a trial.

20   Do you understand that?

21         MR. REED:  Yes, ma'am.

22         THE COURT:  All right.  And also you're waiving your

23   right to confront and cross-examine witness that the Government

24   would call.  You're waiving your right to testify and present

25   evidence, and you're waiving your right to call witnesses on your

1  own behalf at a trial because since we will not have a trial.  Do

2  you understand that?

3  MR. REED:  Yes, ma'am.

4  THE COURT:  Okay.  So, with all these rights that I was

5  talking about that you're waiving, do you understand all of those

6  rights?

7  MR. REED:  Yes, ma'am.

8  THE COURT:  Okay.  And have you discussed your rights

9  with your attorney?

10  MR. REED:  Yes, ma'am.

11  THE COURT:  And after discussing those with your

12  attorney, do you still wish to plead guilty?

13  MR. REED:  Yes, ma'am.

14  THE COURT:  All right.  All right.  Do you have a copy

15  of that Indictment in front of you?

16  MR. REED:  Yes, ma'am.

17  THE COURT:  All right.  That's the -- I stated on the

18  record it's the Superseding Indictment that was filed on October

19  2nd, 2019, here in the Western District of Missouri.  And have

20  you fully discussed these charges and the case in general with

21  your attorney?

22  MR. REED:  Yes, ma'am.

23  THE COURT:  Okay.  All right.  I am going to --

24  (clearing throat) excuse me -- ask the Government, Ms. Ragner, to

25  just go over the essential elements of the offense that Mr. Reed

is charged with, and also provide the possible punishment for

that charge.

MS. RAGNER: Yes, Your Honor. The defendant is charged

in this one-count Superseding Indictment with being a felon in

possession of a firearm, in violation of 18 United States Code

Sections 922(g)(1) and 924(a)(2). That carries a range of

punishment of not more than ten years in prison, not more than a

$250,000 fine, not more than three years supervised release, and

a $100 mandatory special assessment upon conviction. It is a

Class C felony. The essential elements that the Government would

have to prove if we proceeded to trial was that on or about the

date of January 24, 2018, that in this jurisdiction, the Western

District of Missouri, that the defendant, knowing he had been

convicted of a crime punishable by imprisonment for a term

exceeding one year, that he did knowingly possess a firearm.

Specifically, the Government has alleged he possessed a Glock,

Model 23, .40 caliber pistol bearing Serial Number MAE063 on the

slide and barrel of the firearm, and the Serial Number WSW151 on

the pistol frame itself. And that the Government would have to

prove that that firearm had been shipped and transported in

interstate commerce. And again, that's contrary to the

provisions of Title 18, United States Code, Sections 922(g)(1)

and 924(a)(2).

THE COURT: All right. Thank you. (Clearing throat).

Excuse me. Mr. Reed, do you understand the elements of the

charge in the Indictment?

      MR. REED:  Yes, ma'am.

      THE COURT:  All right.  And also do you understand the maximum penalties that are associated with that charge?

      MR. REED:  Yes, ma'am.

      THE COURT:  And also when Ms. Ragner was talking about the penalties, there was a mention of the special -- of the special assessment.  And do you understand that that is something that must be assessed against you?  Every federal felony case has that $100 mandatory special assessment for each count.  Do you understand that?

      MR. REED:  Yes, ma'am.

      THE COURT:  Okay.  And also there was a mention of the term of supervised release which is not more than three years.  And do you understand that if you violate the conditions of your supervised release, that you can go back to prison for that without any credit for time that you'd spent on supervised release?  And then the Court can also impose an additional term of supervised release thereafter.  Do you understand that?

      MR. REED:  Yes, ma'am.

      THE COURT:  All right.  All right.  So, I have -- I think we've come to the point -- I have the Plea Agreement, and it consists of 14 pages.  And on the 14th page there are the signatures of the Government with Ms. Ashleigh Ragner, the Assistant U.S. Attorney, your signature, Mr. Reed, and also the

1  signature of your attorney, Mr. Bologna.  I don't know if you can

2  see from here, I'm sure you have a copy in front of you, but did

3  you sign this document?

4          MR. REED:  Yes, ma'am.

5          THE COURT:  All right.  And you signed the document

6  after talking with your attorney about the terms of the Plea

7  Agreement, is that correct?

8          MR. REED:  Yes, ma'am.

9          THE COURT:  All right.  And did you go over the entire

10 Plea Agreement with your attorney?

11         MR. REED:  Yes, ma'am.

12         THE COURT:  All right.  All right.  So, I will ask Ms.

13 Ragner, she's going to go over the -- some of the highlights or

14 essential parts of the Plea Agreement at this time, Mr. Reed.

15 And I want you to follow along.  The Court may have some other

16 areas that I want to emphasize to you, but, of course, every

17 paragraph of this Plea Agreement is applicable.  We want to make

18 sure that you understand all the terms.  Do you understand that?

19         MR. REED:  Yes, ma'am.

20         THE COURT:  Okay.  Ms. Ragner.

21         MS. RAGNER:  Yes.  Thank you, Your Honor.  The

22 Government would like to point out that, again, all of these

23 paragraphs are important, but in Paragraph 10, which is found on

24 page 6, that the parties have agreed to a Base Offense Level of

25 22.  However, there may be other enhancements that apply and both

parties under this agreement reserve their right to advocate for
or against any enhancements under the Sentencing Guidelines at
the time of sentencing.  The Government would also like to point
out that under Paragraph 10 that this -- the parties' agreements
in regard to the Base Offense Level or any enhancement, that's
not binding upon the court at the time of sentencing, that this
Plea Agreement is only between the defendant and the United
States.  And at sentencing, the court will be the ultimate
decider of what the final guideline range should be under the
Sentencing Guidelines, and then also what sentence is appropriate
in light of the guidelines and the sentencing statutes.  Then,
Paragraph 15, which is found on pages 9 and 10 of the Plea
Agreement, the Government would point out that under this Plea
Agreement the defendant is waiving certain appellate and post-
conviction rights.  In Paragraph 15(a), the defendant is
acknowledging that he's waiving his ability to appeal or
collaterally attack his finding of guilt following this court's
acceptance of that plea, except on two grounds, which is
ineffective assistance of counsel or prosecutorial misconduct.
In 15(b), the defendant is expressly waiving his right to appeal
any sentence, directly or collaterally, except three specific
instances where he may appeal, and that is, if he received
ineffective assistance of counsel, there was prosecutorial
misconduct, or the court imposes an illegal sentence.  An illegal
sentence is not a sentence that the defendant finds unfavorable,

but one that is illegal or outside of the statutory maximum available to the court. And, Your Honor, I believe those are all the ones that I had marked to go over with the defendant.

THE COURT: All right. And I think what we'll do at this time on page 2 of that Plea Agreement, I think everyone has what we call an original copy. But I'm going to hand this to you, Ms. Ragner. If you want to add the word "Superseding" before Count One on -- in Paragraph 2, and do it on each of the Plea Agreements and then have everyone, you, defense counsel, and Mr. Reed will need to initial that.

MS. RAGNER: Okay.

THE COURT: And that'll be amended via interlineation.

(Off Record Talking)

MR. BOLOGNA: If I may approach, Judge?

THE COURT: Yes. Okay. Thank you.

(Off Record Talking)

THE COURT: Okay. Let me get this back. It's in one other place on -- in Paragraph 5, it just says "Count One of the Indictment." So, if you want to do that one. Sorry. I just want to make sure the record is really clear so we don't have any problems later on.

MS. RAGNER: I apologize, Your Honor.

THE COURT: That's okay.

(Off Record Talking)

THE COURT: All right. So, I'll just note for the

1  record that on page 2 in Paragraph 2 and also on page 3,

2  Paragraph 5, the word "Superseding" has been included before the

3  word "Indictment" in talking about the Indictment that Mr. Reed

4  is pleading guilty to.  All parties, the Government, defense

5  counsel, and Mr. Reed have initialed in both places in this Plea

6  Agreement.  All right.  So, I just want to go over a few more of

7  the paragraphs in the Plea Agreement, Mr. Reed.  So, if you look

8  in Paragraph 3 on page 2, talking about the Factual Basis for the

9  Guilty Plea, in that paragraph it says that the parties agree

10 that the facts constituting the offense to which you, Mr. Reed,

11 are pleading guilty to are listed in Paragraph 3.  Do you

12 understand that?

13         MR. REED:  Yes, ma'am.

14         THE COURT:  And have you read that paragraph?

15         MR. REED:  Yes, ma'am.

16         THE COURT:  And do you agree with that paragraph?

17         MR. REED:  Yes, ma'am.

18         THE COURT:  All right.  On page 3 on Paragraph 4, it

19 says that the defendant acknowledges and understands and agrees

20 that the admissions contained in Paragraph 3, which we just

21 talked about, and other portions of the Plea Agreement, will be

22 used for the purpose of determining your guilt and the guideline

23 range and the calculations.  Do you understand that?

24         MR. REED:  Yes, ma'am.

25         THE COURT:  And do you agree with that?

1    MR. REED: Yes, ma'am.

2    THE COURT: All right. All right. In Paragraph 6 on

3  that same page, page 3 and (a) at the -- and I know you

4  understand this, that the guidelines are advisory, meaning that

5  it's just a guide for the District Court to use. And that the

6  court may impose a sentence either less than or greater than the

7  defendant's applicable guideline range unless the sentence

8  imposed is unreasonable. Do you understand that?

9    MR. REED: Yes, ma'am.

10    THE COURT: All right. And you also understand that the

11  court will determine the applicable guideline range at the time

12  of sentencing. Do you understand that?

13    MR. REED: Yes, ma'am.

14    THE COURT: Okay. On the next page, page 4,

15  subparagraph -- it's 6(d). I think we've already talked about

16  this, but if you -- it talks about if you violate the conditions

17  of your supervised release that the court may revoke your

18  supervised release and impose an additional period of

19  imprisonment of up to two years without credit for any time

20  previously spent on supervised release. Do you understand that?

21    MR. REED: Yes, ma'am.

22    THE COURT: All right. All right. And (h),

23  subparagraph (h) on that same page, it's talking about that you

24  may not withdraw your guilty plea solely because of the length of

25  the sentence the court imposes. Do you understand that?

1        MR. REED:  Yes, ma'am.

2        THE COURT:  Okay.  So, just because you don't agree with

3   the sentence that the District Court imposes, you won't be

4   allowed to withdraw your guilty plea.  Do you understand that?

5        MR. REED:  Yes, ma'am.

6        THE COURT:  Okay.  In Paragraph 7, it's talking about

7   the Government agrees not to bring any additional charges against

8   you for any federal criminal offenses related to felon in

9   possession of a firearm for which it has venue and which arose

10  out of your conduct on January the 24th of 2018.  Do you

11  understand that?

12       MR. REED:  Yes, ma'am.

13       THE COURT:  Okay.  Going to page 5, Paragraph 8.  In

14  there it's talking about that the Government may respond to

15  comments or positions taken by you or your counsel and they may

16  correct any misstatements or inaccuracies.  Do you understand

17  that?

18       MR. REED:  Yes, ma'am.

19       THE COURT:  Okay.  All right.  Let's go to page 7.  And

20  that's really part of Paragraph 10, looking at 10(i) on page 7.

21  And that's talking about that the Government agrees not to seek

22  an upward departure from the guidelines or a sentence outside the

23  guideline range, and that the defendant agrees to not seek a

24  downward departure from the guidelines or a sentence outside of

25  the guideline range.  Do you understand that?

1    MR. REED:  Yes, ma'am.

2    THE COURT:  Do you agree with that?

3    MR. REED:  Yes, ma'am.

4    THE COURT:  Okay.  And in (j), it's talking about that

5  you consent to judicial fact-finding by a preponderance of the

6  evidence on all issues pertaining to your sentence.  Do you

7  understand that?

8    MR. REED:  Yes, ma'am.

9    THE COURT:  Okay.  And also you also agree that the

10 court in findings -- finding of facts relevant to the imposition

11 of a sentence that the court may rely on hearsay or other

12 reliable information.  Do you understand that?

13   MR. REED:  Yes, ma'am.

14   THE COURT:  Ms. Ragner already went over the waiver of

15 appellate rights in Paragraph 15.  Let's go to page 12, and this

16 is Paragraph 20.  And there you are acknowledging that you have

17 entered into this Plea Agreement freely and voluntarily after

18 receiving effective assistance of counsel and advice.  Do you

19 understand that?

20   MR. REED:  Yes, ma'am.

21   THE COURT:  Do you agree with that?

22   MR. REED:  Yes, ma'am.

23   THE COURT:  And you also acknowledge that you're

24 satisfied with the assistance that your attorney has provided you

25 and that your attorney has fully advised you of your rights and

1  obligations in connection with this Plea Agreement.  Do you

2  understand that?

3          MR. REED:  Yes, ma'am.

4          THE COURT:  Do you agree with that?

5          MR. REED:  Yes, ma'am.

6          THE COURT:  Okay.  Additionally, that you further

7  acknowledge that there have been no threats or promises other

8  than the promises contained in this Plea Agreement that have

9  induced you to enter a plea of guilty.  Do you understand that?

10         MR. REED:  Yes, ma'am.

11         THE COURT:  And do you agree with that?

12         MR. REED:  Yes, ma'am.

13         THE COURT:  All right.  Just a second.  Okay.  All

14 right.  We may have to add a couple more interlineations.

15         MS. RAGNER:  Oh, no.  Okay.

16         THE COURT:  Sorry.

17         MS. RAGNER:  No.  I apologize, Your Honor.

18         THE COURT:  No.  I apologize for that.  This will be on

19 the last page, which is the signature page.  And that's just a --

20 we just want to make sure, like I said, that everything is clear.

21 Where Mr. -- in the paragraph where Mr. Reed has signed and also

22 in the paragraph where Mr. Bologna has signed it just says

23 "Indictment."  And so we may want to add "Superseding Indictment"

24 in both of those places.  And then get everyone to initial that

25 again.  Okay.  We're getting good at this, aren't we?  Okay.

(Off Record Talking)

THE COURT: All right. I think we've gone over everything in the Plea Agreement. I just want to confirm with defense counsel that all formal plea offers by the Government have been conveyed to Mr. Reed, is that correct, Mr. Bologna?

MR. BOLOGNA: That is correct. Yes, ma'am.

THE COURT: Okay. And do you agree with that, Ms. Ragner?

MS. RAGNER: Yes, Your Honor.

THE COURT: All right. All right. With all those changes by interlineation, this Court does find that the Plea Agreement is in proper form and direct that it be filed with the -- in the record. I need to tell you, Mr. Reed, that as a convicted felon there are some rights that you lose. And among those rights would be the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm. Do you understand that?

MR. REED: Yes, ma'am.

THE COURT: All right. All right. And we've already -- I kind of hinted regarding that the guidelines are advisory meaning that, you know, the court will make that final determination as to what sentence is reasonable in this case. And the District Court, what it does, it looks at all of the information and what we call the sentencing factors under 18 U.S.C. Section 3553(a), which is talking about the need to deter

future crimes, the need to protect the public, the need for
sentences to be consistent among similar situated defendants.
So, in looking at all of those factors, the District Court will
determine what a reasonable sentence is in this case.  Do you
understand that?

MR. REED:  Yes, ma'am.

THE COURT:  All right.  All right.  And one aspect in
federal court there is not a thing such as parole in federal
court.  Now, they have it in state court, but they don't have it
federal court.  Do you understand that?

MR. REED:  Yes, ma'am.

THE COURT:  Okay.  All right.  I think we've come to the
point where we -- the factual basis for the guilty plea.  So,
I'll ask Ms. Ragner to tell us what evidence the Government would
present if it went to trial.

MS. RAGNER:  Yes, Your Honor.  If this case proceeded to
trial, the Government anticipates it would produce evidence
showing that on January 23rd of 2018, that Detective Michael
Wells --

THE COURT:  Did you say the 23rd or the 24th?

MS. RAGNER:  The 23rd.  The Indictment -- yes.  The
facts start the day before the actual --

THE COURT:  Okay.

MS. RAGNER:  -- arrest.

THE COURT:  All right.  I'm sorry about that.

1      MS. RAGNER:  Sorry.

2      THE COURT:  Sorry about that.  Okay.

3      MS. RAGNER:  No.  That's okay.  On January 23rd of 2018,

4  that Detective Michael Wells with the Kansas City, Missouri

5  Police Department observed a live broadcast on the social media

6  site of Facebook by the defendant, Deleon Reed.  In that live

7  broadcast the detective observed the defendant armed with a Glock

8  handgun or pistol with a high capacity extended magazine.  The

9  very next day, January 24th of 2018, Detective Wells contacted

10  patrol officers to try to locate Mr. Reed.  He also provided a

11  possible address for Mr. Reed of 2817 East 73rd Street here in

12  Kansas City within the Western District of Missouri.  And then on

13  January 24, 2018, at approximately 2:53 p.m., patrol officers

14  drove by that residence and saw the defendant sitting in a

15  Chevrolet Malibu right in front of the residence.  Officers then

16  approached the defendant, at which time he ran into the

17  residence.  He later came out and was taken into custody.  When

18  officers looked inside of that Malibu where the defendant had

19  been seated, they observed a revolver on the front passenger's

20  seat.  In a subsequent search of the vehicle, officers found a

21  Glock, Model 23 .40 caliber pistol bearing Serial Number MAE063

22  on the slide and barrel of the firearm and WSW151 on the frame of

23  the firearm.  And that firearm was located under the driver's

24  seat where the defendant had been seated.  That Glock firearm was

25  loaded with a high capacity magazine.  The defendant, after he

was taken into custody, did waive his *Miranda* rights and provided

a post-arrest statement admitting that he had bought the Glock

firearm earlier in January.  Your Honor, the Government would

also present evidence that that firearm was not manufactured in

the state of Missouri and, therefore, it had affected interstate

commerce.  The Government would also be able to establish the

defendant was previously convicted of a felony offense and that

he knew that he had previously been convicted of a felony offense

at the time that he was in possession of this firearm.

Specifically, he was on federal supervised release at the time.

THE COURT:  All right.  Thank you.  Mr. Bologna, do you

agree that that will be the evidence the Government would present

in a trial?

MR. BOLOGNA:  I do.  Yes, ma'am.

THE COURT:  All right.  And, Mr. Reed, do you agree with

the Government's summary of what you did?

MR. REED:  Yes, ma'am.

THE COURT:  And did you do what she said you did?

MR. REED:  Yes, ma'am.

THE COURT:  All right.  All right.  I'm going to ask

you, Mr. Bologna, to question your client for the factual basis

for this plea.

MR. BOLOGNA:  Mr. Reed, you've heard the summary from

the prosecutor, but -- so, I'll direct you to the January 23rd,

2018.  There's a note that you had live broadcast a Facebook

video, is that correct?

MR. REED:  Yes.

MR. BOLOGNA:  Right.  And in that video you were holding a firearm that the prosecutor mentioned was ultimately found in your car the next day, is that correct?

MR. REED:  Yes.

MR. BOLOGNA:  Okay.  And that you heard the description of that firearm, is that correct?

MR. REED:  Yes.

MR. BOLOGNA:  And you agree that it was a Model 23 .40-caliber pistol with the Serial Numbers MAE063 and WWS151 located on that firearm, is that correct?

MR. REED:  Yes.

MR. BOLOGNA:  All right.  That gun was found -- that firearm was found on January 24, 2018, inside a vehicle that you were seated in, correct?

MR. REED:  Yes.

MR. BOLOGNA:  And it was found underneath the seat, is that correct?

MR. REED:  Yes.

MR. BOLOGNA:  That firearm was yours, wasn't it?

MR. REED:  Yes.

MR. BOLOGNA:  And you knew that it was under the seat, correct?

MR. REED:  Yes.

1        MR. BOLOGNA:  Judge, I don't have any other questions.

2        THE COURT:  All right.  And just -- and where you were

3   located on the January 24th of 2018, that was in the Western

4   District of Missouri, that was in Kansas City?

5        MR. REED:  Yes.  Yes, ma'am.

6        THE COURT:  And do you agree that Kansas City is within

7   the Western District of Missouri?

8        MR. REED:  Yes, ma'am.

9        THE COURT:  All right.  All right.  Mr. Reed, has anyone

10  attempted in any way to force you to plead guilty here today?

11       MR. REED:  No, ma'am.

12       THE COURT:  Okay.  And has anyone made any promises or

13  assurances of any kind to get you to plead guilty other than

14  what's contained in the Plea Agreement?

15       MR. REED:  No.

16       THE COURT:  Okay.  And are you pleading guilty because

17  you are, in fact, guilty?

18       MR. REED:  Yes, ma'am.

19       THE COURT:  And are you doing this of your own free

20  will?

21       MR. REED:  Yes, ma'am.

22       THE COURT:  All right.  So, I will specifically ask you,

23  Mr. Reed, as to the charges in the Superseding Indictment that

24  was returned here in the Western District of Missouri on October

25  the 2nd of 2019, charging you with being a felon in possession of

a firearm, how do you plead, guilty or not guilty?

MR. REED: Guilty, Your Honor.

THE COURT: All right. All right. So, the Court does find that there is indeed a factual basis for the plea of guilty. And, Mr. Reed, since you acknowledge that you are, in fact, guilty as charged in the Superseding Indictment, and since you know your right to a trial by jury you understand what the maximum possible punishment is, and since you are knowingly and voluntarily pleading guilty, I accept your guilty plea. And this Court will file a Report and Recommendation with the District Judge, Judge Kays, recommending an entry of judgment on your plea of guilty. After that is done, a Presentence Investigation Report will be done by the Probation Office, and they are here today. They will talk to you about -- get information about you so that the District Court has all the information that it needs to make a good decision as to what a reasonable sentence would be. Do you understand that?

MR. REED: Yes, ma'am.

THE COURT: All right. All right. Do you have any questions about anything that we've discussed here today, Mr. Reed?

MR. REED: No, ma'am.

THE COURT: All right. Anything that I've left out, Ms. Ragner?

MS. RAGNER: No, Your Honor.

1       THE COURT:  Okay.  Mr. Bologna, anything that I left out
2  or --
3       MR. BOLOGNA:  No, ma'am.
4       THE COURT:  All right.  All right.  So, Mr. Reed, you'll
5  be in the custody of the Marshals Service.  And so your next
6  hearing should be your sentencing before Judge Kays.  All right.
7  We'll be in recess.  Thank you.
8       MS. RAGNER:  Thank you.
9       MR. BOLOGNA:  Thank you, Judge.
10                  (Court Adjourned at 2:40 p.m.)

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.


/s/ Lissa C. Whittaker          August 26, 2020
Signature of transcriber            Date